Filed 2/24/26  P. v. Lopez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C102190 |
| Plaintiff and Respondent, | (Super. Ct. No. CR201758041) |
| v. | |
| JASON MICHAEL LOPEZ, | |
| Defendant and Appellant. | |

Defendant Jason Michael Lopez appeals from an order denying his motion to strike one of two prior serious felony enhancements and resentence him accordingly.  He argues the trial court erred by: (1) refusing to strike a prior serious felony enhancement attached to his conviction for one count of possession of a firearm after an associated gang enhancement was dismissed; and (2) maintaining an indeterminate sentence on that same count.  The People agree that resentencing is required, and so do we.  Accordingly,

we will vacate the sentence for that count, strike one of the associated serious felony enhancements, and remand for resentencing consistent with Penal Code section 667, subdivision (e)(1).[1]

## I. BACKGROUND

A jury convicted defendant of attempted shooting at an occupied vehicle (count 1), active participation in a criminal street gang (§ 186.22, subd. (a)—count 5), and possession of a firearm by a person who has been convicted of a felony (count 7). The jury found true that defendant committed counts 1 and 7 for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members. (§ 186.22, subd. (b)(1).)[2] In a bifurcated proceeding, the trial court found true that defendant had two prior serious felony convictions, two prior strike offenses, and one prior prison term.

The trial court sentenced defendant to 25 years to life consecutive on each of counts 1 and 7, plus a 20-year determinate term for the prior serious felony enhancements. The court stayed the sentence on count 5 (§ 654).

Defendant appealed, and another panel of this court affirmed the judgment in an October 2020 unpublished opinion. Our Supreme Court granted review and deferred the matter pending consideration and disposition of a related issue in *People v. Valencia*, S250218.

---

[1] Undesignated statutory references are to the Penal Code.

[2] The jury did not reach a verdict on three counts of assault with a semiautomatic firearm (counts 2-4), one count of carrying a loaded firearm with the intent to commit a felony (count 6), and one count of possession of ammunition by a convicted felon (count 8). The prosecution subsequently dismissed those charges.

After *People v. Valencia* (2021) 11 Cal.5th 818 was decided, the matter was transferred back to us, with directions to vacate our decision and reconsider the gang allegations in light of the new authority. We vacated our opinion, reconsidered the gang allegations, and issued a new opinion in December 2021 in which we concluded *Valencia* did not change the result.

Following our new opinion, defendant petitioned for rehearing. He asked us to vacate the conviction for violating section 186.22, subdivision (a) (count 5) and the enhancement findings under section 186.22, subdivision (b), based on Assembly Bill No. 333 (Stats. 2021, ch. 699), which was about to go into effect. We granted the petition for rehearing, vacated our December 2021 decision, and reversed the conviction for count 5, and the jury's finding that defendant committed the attempted shooting at an occupied vehicle (count 1) and possessed a firearm (count 7) for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). We remanded to give the prosecution an opportunity to retry count 5 and the gang enhancement allegations on counts 1 and 7 under amended section 186.22.

In January 2024, the trial court granted the prosecution's motion to dismiss count 5 and the gang enhancement allegations as to counts 1 and 7.

In April 2024, defendant filed a sentencing statement asking the trial court to strike the prior strike allegations and impose the upper term on count 1, doubled, plus two serious felony enhancements (§ 667, subd. (a)(1)), and stay or run concurrently the punishment for count 7, for a total term of 17 years.[3] The prosecution opposed the request, arguing the evidence supported findings under section 667, subdivision

_____

[3] Alternatively, defendant asked the trial court to sentence him to an indeterminate term of 25 years to life for count 1, plus a determinate 10 years for the two serious felony enhancements as to count 1 only or impose the lower or middle term doubled on count 7. The prosecution opposed these proposals as well.

(e)(2)(C)(iii), even if not pled and proven, which would confirm count 7 as a serious felony.

On October 1, 2024, the trial court denied defendant's motion to strike the prior serious felony conviction, struck count 5, affirmed the gang enhancements were not imposed on the previous abstract of judgment, and imposed sentences of 25 years to life on each of counts 1 and 7 with an additional determinate term of 20 years. This appeal timely followed.

## II.  DISCUSSION

*A.    The Serious Felony Enhancement*

Defendant argues the trial court erred in refusing to strike the serious felony enhancement attached to count 7. He argues count 7 was only considered a serious felony by reason of the jury's true finding on the gang enhancement. (See § 1192.7, subd. (c)(28).) With the gang enhancement out of the picture, defendant reasons count 7 could no longer be considered a serious felony. Therefore, he concludes the trial court erred in refusing to strike the serious felony enhancement. The People concede the error, and we accept the concession. (See § 667, subd. (a)(4) [defining "serious felony" to mean offenses listed in § 1192.7, subd. (c); and see § 1192.7, subd. (c) [possession of a firearm not among the listed offenses].) Accordingly, we will remand with instructions to strike the serious felony enhancement attached to count 7.

*B.    The Three Strikes Sentence*

Defendant next argues the trial court erred in maintaining the indeterminate sentence on count 7. Defendant again observes that count 7 was only a serious felony by reason of the gang enhancement. Without the gang enhancement, count 7 was neither serious nor violent. Therefore, defendant says, he had only one prior serious or violent felony conviction, and should have received twice the term otherwise provided for the current conviction under section 667, subdivision (e)(1), unless an exception was pled and proved pursuant to section 667, subdivision (e)(2)(c)(iii). Defendant argues no such

4

exception was pled or proved, and therefore, the exception does not apply.  The People again agree, as do we.[4]  Accordingly, we will vacate the sentence on count 7 and remand for resentencing.

### III.  DISPOSITION

The prior serious felony enhancement attached to count 7 is stricken and the sentence vacated as to that count.  We remand to the trial court with directions to conduct a complete resentencing.  The judgment is otherwise affirmed.

/S/

_____

RENNER, Acting P. J.

We concur:

/S/

_____

KRAUSE, J.

/S/

_____

WISEMAN, J.[*]

_____

[4] Section 667, subdivision (e)(2)(C)(iii) provides an exception to subdivision (e)(1) where "the prosecution pleads and proves" that "the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person."  (§ 667, subd. (e)(2)(C)(iii).)  The trial court appears to have believed the evidence supported the theory that defendant intended to cause great bodily injury to another person, thereby bringing him within the exception.  However, it is undisputed the theory was not pled or proved.

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.